IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-28,839-08






EX PARTE RUDY CARMONA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 302632 IN THE 331ST DISTRICT COURT


FROM TRAVIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to seventy-five years' imprisonment. The Third Court of Appeals affirmed
his conviction. Carmona v. State, No. 03-02-00201-CR (Tex. App.-Austin June 12, 2003).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by
advising Applicant that the State would not be able to prove intent, leading to Applicant refusing a
plea offer from the State. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel conveyed a thirty year plea offer,
and if so, whether he advised Applicant that the State would not be able to prove intent, leading
Applicant to reject the offer. The trial court shall make a finding as to whether, if Applicant had
accepted the plea offer, the trial court would have also accepted the offer. The trial court shall make
findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: May 15, 2013

Do not publish